(34 South. 431.)

No. 14,415.

KEMP v. McARTHUR.

(April 27, 1903.)

DIVORCE—DECREE—EVIDENCE.

1. Where some of the charges contained in the petition are abandoned, and the evidence is insufficient to sustain the others, a decree of separation a mensa et thoro will be denied.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by Celina D. Kemp against Arthur McArthur, Jr. Judgment for defendant, and plaintiff appeals. Affirmed.

John Dymond, Jr., for appellant. William John Hennessey, for appellee.

MONROE, J. The plaintiff sues her husband for separation from bed and board, alleging intemperance, jealousy, cruel treatment, failure to support, and public defamation, all of which is denied by the defendant.

The evidence shows that they were married in 1895, and lived together at the home of the defendant's parents, in that part of New Orleans known as "Algiers," until October, 1899, when they went to housekeeping, first in Algiers, and then on this side of the river. Very soon afterwards, however, by reason of the removal from this city of the office of the railroad company in which he was employed, the husband lost his situation, and, in view of obtaining temporary employment with another company, was obliged to give up the house that he had rented, and return to Algiers. There is no evidence in the record to show that up to the date of these occurrences there had ever been any serious trouble or disagreement between him and his wife, and there is considerable testimony to the effect that, to all appearances,

they had lived happily together. He had been working in the same employment for 12 or 13 years, and those with whom he had been associated unite in testifying to his good · qualities, whilst those who came in contact with them in their domestic life speak in terms of equal commendation of the plaintiff.' After their enforced return to Algiers, occasional differences seem to have arisen, and when, by reason of the defendant's being again thrown out of employment, he found it necessary to inform his wife that he would be obliged to take her and their little boy back to the home of his parents until he should be able to re-establish them in a home of his own, she seems to have declined the invitation, and they have since then lived apart. There is nothing in the record to indicate that the home to which the defendant thus invited his wife was otherwise than comfortable and pleasant, or that she was not most kindly and affectionately considered there; and, though it is sometimes a trying, and not always a wise, experiment for a young married woman to undertake to live with her husband's people, it not unfrequently becomes necessary, and it appears to have been so in this case. Whether the plaintiff objected to again living as she had lived during the first four years of her married life, or whether her refusal to do so was merely the culmination of the differences between her husband and herself, to which we have referred, does not appear.

It may be that the temper of the husband was affected by the disappointment of losing the position which he had held during the greater part, if not the whole, of his business career. It may be that the wife did not submit readily to the giving up of the home in which she had just, for the first time, been established as sole mistress; and it may be that each of them failed to appreciate and sympathize with the feelings of the other.

In neither and in no event, so far as appears from this record, was there a substantial or sufficient reason for their separation. It would subserve no good purpose to enter into a critical analysis of the testimony adduced. It suffices to say that we agree with our learned Brother before whom the case was tried in the district court in the opinion that it is wholly insufficient to sustain the charges contained in the petition, several of which have been abandoned. The judgment rejecting the plaintiff's demand is therefore affirmed.